Rick Dean FOSTER, Appellant,

v.

STATE of Iowa, Appellee.

No. 85–760.

Supreme Court of Iowa.

Nov. 12, 1986.

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and John Criswell, Co. Atty., for appellee.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, WOLLE, and NEUMAN, JJ.

LARSON, Justice.

Rick Dean Foster was convicted of kidnapping in the first degree, and this court affirmed, *State v. Foster*, 318 N.W.2d 176 (Iowa 1982). Foster then filed an application for postconviction relief under Iowa Code chapter 663A (1983). The court served notice on Foster of its intention to dismiss the application, without hearing, on the ground no material issue of fact had been raised. *See* Iowa Code § 663A.6 (second unnumbered paragraph). Foster filed a resistance to the proposed dismissal, asserting that disputed fact issues had been raised. The district court dismissed the application, and Foster appealed. We transferred the case to the court of appeals, which affirmed the dismissal. Foster sought further review, and we now vacate the court of appeals decision, reverse the district court, and remand for further proceedings.

■ As we have noted in earlier cases, there are two procedures for dismissal of postconviction applications. The first, found in the second unnumbered paragraph of section 663A.6, is a sua sponte procedure by which the court informs the petitioner of its intent to dismiss the application without a hearing. The second procedure is a dismissal upon the motion of either party, under the third unnumbered paragraph of

section 663A.6. In the present case, a sua sponte dismissal by the court is involved. The relevant Code section provides:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. *Disposition on the pleadings and record is not proper if a material issue of fact exists.*

Iowa Code § 663A.6 (second unnumbered paragraph) (emphasis added).

■ When claims of ineffective assistance of counsel are included in a petition, an evidentiary hearing on the merits is ordinarily required. *Watson v. State,* 294 N.W.2d 555, 556 (Iowa 1980); *State v. Smith,* 282 N.W.2d 138, 143 (Iowa 1979). We have said that "[s]uch a hearing affords the parties an opportunity to adversarily develop all of the relevant circumstances ... including those circumstances and considerations which may be pertinent but are not a part of the criminal trial record." *Watson,* 294 N.W.2d at 556. *Accord State v. Steltzer,* 288 N.W.2d 557, 560 (Iowa 1980); *State v. Williams,* 285 N.W.2d 248, 271 (Iowa 1979). Several issues in Foster's postconviction application involve the alleged ineffective assistance of counsel.

■ As the court of appeals correctly pointed out, there is no requirement that a petitioner be allowed a hearing on allegations which directly contradict the record, unless a minimum threshold of credibility is met. Bare allegations do not overcome the presumption that the record truly reflects the facts. *See State v. Boge,* 252 N.W.2d 411, 414 (Iowa 1977).

The problem with applying this principle here is that several of the allegations made by Foster do not contradict the record. In fact, they involve matters which are entirely outside the record. For example, Foster claims his trial counsel failed to properly investigate his case and to prepare for trial. He also alleges that his counsel incorrectly advised him of the law and assured him that he "could not possibly" be convicted of first-degree kidnapping. More specifically, Foster claims his lawyer persuaded him not to testify by telling him the State would then be unable to establish all of the elements of first-degree kidnapping.

■ While these claims might not be supported by the evidence, they raise fact issues outside the record. Under these circumstances, it was improper to summarily dismiss the application. We vacate the court of appeals decision, reverse the district court, and remand for hearing.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.