Robert W. ODEM, Appellant,

v.

STATE of Iowa, Appellee.

No. 90–1206.

Court of Appeals of Iowa.

Jan. 29, 1992.

As Corrected Jan. 30, 1992.

Linda Del Gallo, State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., James Drew, County Atty., and Dennis D. Peterson, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

SCHLEGEL, Judge.

Robert Odem was convicted of the December 1980 shooting deaths of William and Kimberly Smith. These convictions rested largely on circumstantial evidence: Odem had possession of the murder weapon at the time of the killings, and he wore clothes which matched the clothing worn by the killer as described by the children of one of the victims who saw the gunman. There was also evidence Odem had threatened to kill one of the victims. In addition, Odem's behavior could be interpreted as showing he took actions to destroy evidence or mislead the police.

Two young sons of one of the victims related shortly after the murders that the killer wore a red coat with writing on the back, but at the trial one of them contradicted this information. Prior to the trial the two children were placed under hypnosis. Defense counsel was not present when the hypnosis took place and did not challenge the testimony of the children at trial. Odem's trial counsel also did not depose the State's witnesses or request potentially exculpatory information from the State. Prior to the trial the prosecutor sent counsel a letter informing him of the existence of witnesses who might possess exculpatory information. This information consisted basically of evidence of other people who disliked the victims. However, one state exhibit consisted of an interview with Odem's brother which revealed that he had turned over a red jacket which had writing on the back of it. The jacket also contained a head hair similar to the hair of one of the victims. Counsel did not request a continuance on the basis of the prosecutor's letter because the applicant did not want to delay the proceedings.

The applicant did appeal his criminal convictions. Those convictions were affirmed in *State v. Odem*, 322 N.W.2d 43, 47 (Iowa 1982). The applicant subsequently brought his first postconviction relief application challenging his criminal convictions by alleging ineffective assistance of counsel resulting from trial counsel's failure to challenge the children's testimony on the grounds they had been hypnotized and the State's alleged failure to disclose certain exculpatory evidence and newly discovered evidence contradicting previous testimony. The first application was denied, and the supreme court affirmed the district court's ruling denying the application.

In 1987 Odem filed the present application for postconviction relief. The district court entered an order denying this second application. In this action Odem alleges his trial attorneys were ineffective because of their failure to: interview witnesses

with possible exculpatory evidence, take discovery depositions, request disclosure of all exculpatory information from the State, attend the hypnosis session with witnesses, hire independent experts to review the State's evidence, consult with Odem on the availability of a plea bargain, and request a continuance to interview witnesses with possible exculpatory information. Odem additionally alleges his confrontation rights and right to effective assistance of counsel were violated by the failure of defense counsel to be present during the hypnosis of a material witness.

■ Odem must show sufficient reason why the issues raised in this second postconviction relief proceeding were not raised on direct appeal or in the first postconviction relief proceeding. Iowa Code § 663A.8 (1991); *Sims v. State*, 295 N.W.2d 420, 422 (Iowa 1980). Ineffective assistance of counsel constitutes sufficient reason for failure to raise an issue in an earlier trial or direct appeal. *Hinkle v. State*, 290 N.W.2d 28, 31 (Iowa 1980). We believe the claim of ineffectiveness of previous postconviction counsel constitutes sufficient reason for failure to raise an issue in an earlier postconviction proceeding.

■ Ordinarily our review of postconviction relief proceedings is for errors of law. *Id.* at 30. However, when a postconviction petitioner asserts violation of constitutional safeguards—such as ineffective assistance of counsel—we make our own evaluation based on the totality of the circumstances. This is the equivalent of de novo review. *Id.* In order to prevail on such a claim, appellant must show by a preponderance of the evidence that "(1) counsel failed to perform an essential duty and (2) prejudice resulted." *See Edman v. State*, 444 N.W.2d 99, 101 (Iowa App.1989); *State v. Risdal*, 404 N.W.2d 130, 131–32 (Iowa 1987). In evaluating counsel's performance, we presume counsel acted competently. *See Risdal*, 404 N.W.2d at 131 (citation omitted).

■ I. We first address Odem's claim of inadequate trial preparation. Odem argues his attorneys did not make pretrial

discovery requests or request exculpatory information from the State, despite the fact the prosecutor sent a letter informing of the existence of witnesses who might possess such information. Odem's trial attorney testified he did not depose the State's witnesses or request the information from the State because he did not want to disclose his own witnesses or expose his own case to reciprocal discovery. The postconviction trial court noted that if the attorney had deposed the State's witnesses, he would have gained no evidence bearing on the most significant part of the State's case—the fact that Odem's rifle was the murder weapon. In addition, the attorney received the letter just one week before trial. He did not request a continuance because Odem himself would not permit it; Odem was in jail and did not want to delay the proceedings. We agree with the trial court determination that the attorney's decision not to seek discovery was a reasonable tactical decision which did not constitute ineffective assistance of counsel. *See State v. Newman*, 326 N.W.2d 788, 795 (Iowa 1982).

■ Odem also claims he received ineffective assistance because his attorney did not attend the hypnosis sessions of the victim's sons. The attorney did not attend nor review the tapes or transcripts of the proceedings. He testified that he did not do these things because he was not sure what the boys' testimony would be and because on the basis of his research, the hypnosis of the boys would not affect the admissibility of the testimony as long as it did not expand upon the minutes of testimony. We believe the attorney's actions here were also a reasonable tactical decision.

■ Odem feels he was given ineffective assistance because his attorney did not test his jacket to determine whether it had been washed between the time of the murders and the time the police seized it. He believes such a test would have revealed the absence of gunpowder on the jacket was not due to any attempt by him to destroy evidence by washing the jacket. Odem has

not shown such a test exists that could discriminate between cleaning performed before or after the murders. Even if such a test were possible, if the test revealed the jacket had been washed during the relevant time, that information would have seriously damaged Odem's case. The decision to refrain from performing a test which could have produced evidence very damaging to Odem seems wise.

■ Odem claimed he bought ammunition for his gun at a Holiday Station. That station had no records of such a purchase. The manager of the Holiday Station testified on the basis of the station's business records that Odem had not bought federal ammunition at the station. Odem claims his attorney should have conducted an independent investigation to confirm his claim that he bought federal ammunition there. We believe his attorney acted reasonably by refraining from conducting an investigation which might have done nothing but confirm the State's evidence.

The actions of Odem's counsel were all reasonable tactical decisions. Because we find Odem has not shown by a preponderance of the evidence that his counsel failed to perform an essential duty, we do not address the prejudice issue.

II. Odem additionally argues he was denied "his constitutional rights to effective assistance of counsel, to cross-examination, confrontation and due process by the admission of the hypnotically enhanced testimony of Chad and Steven Smith." One victim's young sons were hypnotized prior to trial in an effort to improve their memory of the night of the murder. These sessions did not produce any new information.

■ At the time of Odem's trial the Iowa Supreme Court had not provided general guidelines concerning the admissibility of posthypnosis testimony. The court did address the issue two years later, however. *See State v. Seager*, 341 N.W.2d 420 (Iowa 1983). In *Seager* the court held a witness's posthypnosis testimony is admissible at trial provided it is substantially the same as the statements given by the witness before being hypnotized. *Id.* at 431. If the "substantial similarity" condition is satisfied,

the defendant cannot complain that the use of posthypnosis testimony denied him the right to confrontation or effective cross-examination. *Id.* at 431–32.

In Odem's case the "substantial similarity" condition was satisfied. The Smith boys' trial testimony was substantially the same as the statements they gave before trial. At one point one of the boys said there was lettering on the back of the jacket, while at trial he said this detail of his statement was incorrect. There was no variation, however, in the part of their story which is significant for purposes of this case: the murderer wore a red jacket, blue jeans, and brown boots. We believe there was nothing in the Iowa law at time of trial which should have caused Odem's attorney to think he had an obligation to challenge the admissibility of posthypnosis testimony on constitutional grounds. *See Lawson v. State*, 280 N.W.2d 400, 404–06 (Iowa 1979). In addition, in view of the *Seager* decision, Odem cannot argue the result of his trial would probably have been different had his attorney attempted to challenge the admissibility of the boys' testimony. Under current law a witness can testify as to matters recalled or related before being hypnotized. *Little v. Armontrout*, 835 F.2d 1240, 1243, 1245 (8th Cir.1987).

Odem claims his attorney failed to inform the jury of the hypnosis sessions. We find his attorney did conduct an effective cross-examination; he brought out the fact that one of the boys had once said there was lettering on the jacket. We believe nothing would have been gained by bringing out the additional information that the boys had been hypnotized.

In summary, we believe Odem has not shown his counsel failed to perform an essential duty. We have considered all issues raised, and we affirm the convictions and sentences imposed on Odem.

AFFIRMED.