STATE of Wisconsin, Plaintiff-Respondent,

v.

Spriggie HENSLEY, Jr., Defendant-Appellant.

Court of Appeals

*No. 97–3052. Submitted on briefs August 5, 1998.—Decided August 19, 1998.*

(Also reported in 585 N.W.2d 683.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Spriggie Hensley,* pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Warren D. Weinstein,* assistant attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J. Spriggie Hensley, Jr. appeals from an order dismissing his § 974.06, STATS., motion for postconviction relief. In *State v. Robinson,* 177 Wis. 2d 46, 53, 501 N.W.2d 831, 834 (Ct. App. 1993), this court wrote the following:

> We conclude that in circumstances where a defendant is represented by the same counsel both at trial and on appeal, the inability of the defendant's trial counsel to assert his own ineffectiveness constitutes a "sufficient reason" under sec. 974.06(4), Stats., for not asserting the matter in the original sec. 974.06 motion.

The question is whether *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 517 N.W.2d 157 (1994), overrules the language in *Robinson.*

Hensley was found guilty of two counts of first-degree murder, party to a crime; two counts of armed robbery, party to a crime; and one count of arson. We

affirmèd his convictions in an unpublished decision, *State v. Hensley*, No. 88–0790-CR, unpublished slip op. (Wis. Ct. App. May 24, 1989). More than eight years later, Hensley filed a § 974.06, STATS., motion raising a host of new claims which he brings under the penumbra of ineffective assistance of trial and appellate counsel. Hensley's trial and appellate counsel were the same person. The trial court determined that *Escalona-Naranjo* superseded *Robinson* and therefore *Robinson* should no longer be followed. It then found that Hensley had ample opportunity to raise all of his claims, including his claim of ineffective assistance of counsel, in his direct appeal.

Hensley argues that *Robinson* is still good law. He points out that although Escalona-Naranjo did allege ineffective assistance of counsel as a claim, he did not allege that the reason why he failed to raise the ineffective assistance claim in his original appeal was because trial counsel and appellate counsel were the same person. Hensley contends that *Robinson* is actually consistent with *Escalona-Naranjo* because "both decisions allow an exception to the procedural bar if 'sufficient reason' is shown for not raising claims in previous proceedings." He concludes that the two decisions "operate in concert with one another and seek to achieve the same objective." He asserts that the trial court was wrong to determine that *Escalona-Naranjo* overruled *Robinson*.

The State responds that *Escalona-Naranjo* was meant by the supreme court to be a strong public policy statement requiring "criminal defendants to consolidate all their postconviction claims into *one* motion or appeal." *Escalona-Naranjo*, 185 Wis. 2d at 178, 517 N.W.2d at 161. The sole exception is where a prisoner can allege and prove a "sufficient reason" for failing to

raise an issue the first time. *See id.* at 181–82, 517 N.W.2d at 162. The State observes that *Robinson* was decided prior to *Escalona-Naranjo* and implicitly suggests that *Robinson* is no longer good law.

The State makes the following argument:

> If this court accepts Hensley's claim that merely being represented by the same attorney on appeal as at trial is a sufficient reason for not raising ineffective assistance of counsel claims by way of a sec. 974.02 motion prior to direct appeal, a prisoner could do precisely what the supreme court sought to prevent in *Escalona*. By retaining his counsel on appeal, a prisoner could strategically wait to raise any, perhaps all, of his constitutional claims. If his appeal was unsuccessful, the prisoner could then raise the claims by alleging ineffective assistance of counsel in a subsequent sec. 974.06 motion. This is especially true if this court holds that, for some reason, a claim raised on direct appeal was waived. By recasting this claim as an ineffective assistance of counsel claim, a prisoner can litigate it in a subsequent successive motion under sec. 974.06.

The State observes that "[i]t is common for criminal defendants to be represented by separate counsel on appeal." The State apparently argues that if the prisoner opts for the "uncommon" and allows trial counsel to also proceed as appellate counsel, then the prisoner should be "required to articulate why, if claims of ineffective assistance of counsel were known to him at the time of the direct appeal, he continued to retain his current counsel and proceed without raising his known claims." The State argues that prisoners should not be allowed to "sit" on their claims simply by proceeding with the same counsel through both trial and appeal. The State suggests that the proper avenue

for a prisoner to take, if the prisoner really feels his or her counsel was ineffective at trial, is to fire counsel, obtain a different counsel for appeal, raise ineffective assistance claims through a *Machner*[1] hearing and then raise any ineffective assistance of trial counsel arguments during the first action.

*Robinson* clearly addressed the issue presented in this case. While the attorney general posits that *Escalona-Naranjo* has overruled *Robinson* sub silentio, *Escalona-Naranjo* did not address the question. Further, this court has no authority to reverse itself. *See Cook v. Cook*, 208 Wis. 2d 166, 189–90, 560 N.W.2d 246, 256 (1997). Only the supreme court has the power to overrule, modify or withdraw language from a published opinion of the court of appeals. *See id.* We certified this question to the supreme court and it was denied. Any change must come from that court. Therefore, we reverse and remand with directions that Hensley's § 974.06, STATS., motion be subject to further proceedings.

*By the Court*—Order reversed and cause remanded with directions.·

---

[1] *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).