# IN THE COURT OF APPEALS OF IOWA

No. 14-0739
Filed October 28, 2015

**TAYVON BELL,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Page County, James M. Richardson, Judge.

     Tavon Bell appeals the denial of his application for postconviction relief. **AFFIRMED.**

     Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, Kevin Cmelik and Tyler J. Buller, Assistant Attorneys General, and Jeremy S. Peterson, County Attorney, for appellee.

     Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, J.**

Tavon Bell appeals the summary denial of his application for postconviction relief (PCR).  In 2011, Bell was charged with one count of arson in the first degree, in violation of Iowa Code section 712.2 (2009), and three counts of assault on a peace officer, in violation of Iowa Code section 708.3A.  Pursuant to a plea agreement with the State, Bell pled guilty to the lesser included offense of arson in the second degree, and the other counts were dismissed.  The court accepted Bell's plea finding it to be knowing, voluntary, and supported by a factual basis.  In 2013 Bell filed a PCR application claiming he did not knowingly and voluntarily enter his plea.  The State filed a motion for summary judgment.  The district court summarily denied Bell's application.  He now appeals.

On appeal, Bell claims the district court erred in summarily denying his PCR application.  Bell claims there are genuine issues of material fact regarding the knowing and voluntary nature of his guilty plea and the effectiveness of trial counsel that require further development of the record and a hearing on the merits.

PCR proceedings are ordinarily reviewed for corrections of errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).  To the extent Bell alleges ineffective assistance of counsel, a constitutional claim, our review is de novo. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

An ineffective-assistance-of-counsel claim requires a demonstration of both ineffective assistance and prejudice.  *Ledezma*, 626 N.W.2d at 142 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  The ineffective-assistance

prong requires proof the attorney performed below the standard demonstrated by a reasonably competent attorney as compared against prevailing professional norms. *Id.* There is a strong presumption the attorney performed their duties competently. *Id.* Once the applicant has shown ineffective assistance, they must also show the error caused prejudice. *Id.* at 143. The prejudice prong requires proof that, but for the ineffective assistance, "the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The applicant must "show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* (citing *Strickland*, 466 U.S. at 693). Bell must prove both the "essential duty" and "prejudice" elements by a preponderance of the evidence. *See Ennenga*, 812 N.W.2d at 701.

The district court found no genuine issue of material fact existed and sustained the State's motion for summary judgment. The court reasoned:

> Applicant urges that his trial counsel at the time of the plea made no effort to investigate, assess, or otherwise determine the competency of the applicant concerning his fitness to stand trial or to enter a plea of guilt. Nonetheless, applicant offers no evidence that he was incompetent to understand the proceedings whereby he entered a guilty plea. Applicant offers no evidence other than his mere allegation to support any of his assertions. The only facts shedding light on applicant's mental competency are set forth in the transcript of Judge Davidson's proceedings of June 6, 2011. This transcript was given to applicant pursuant to a February 10, 2014 order. This transcript record is bolstered by the affidavit of defense counsel Golden. Applicant offers no medical documentation to reflect upon his competency to counter the transcript or Golden's affidavit.
>
> In a postconviction proceeding wherein an applicant alleges ineffective assistance of counsel; the petitioner must overcome a presumption of counsel's competency. Also, the applicant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. *See Collins v. State*, 588 N.W.2d 399, 402 (Iowa

1998). The burden of proof in a postconviction relief action is upon the applicant, who is required to establish the facts asserted by a preponderance of the evidence. *Hahn v. State*, 306 N.W.2d 764, 769 (Iowa 1981).

Mere allegations do not overcome the presumption that the record truly reflects the facts. *Foster v. State*, 395 N.W.2d 637, 638 (Iowa 1986); *see State v. Boge*, 252 N.W.2d 411, 414 (Iowa 1977). In the case at hand, the transcript of the plea and sentencing establishes the competency of the applicant. In this case, the applicant has failed to establish the "special burden" that the record of his plea was inaccurate. *Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995).

Upon our review of the record, we affirm the district court's summary denial of Bell's application. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a)–(e).

**AFFIRMED.**