# IN THE COURT OF APPEALS OF IOWA

No. 16-0561
Filed February 22, 2017

**BOBBI JO MERCHANT,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Edward A. Jacobson, Judge.

A postconviction-relief applicant appeals the district court's order granting summary judgment to the State. **AFFIRMED.**

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., Vaitheswaran, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**BLANE, Senior Judge.**

On August 23, 2013, police officers were dispatched to a Sioux City home in response to a family disturbance. When they arrived at the home, they discovered Bobbi Merchant "yelling hysterically." The officers learned Bobbi had threatened her mother, Brea Merchant, with a knife, and had slashed two of her step-father's tires.[1] Bobbi was arrested and charged with domestic abuse assault, in violation of Iowa Code section 708.2A(2)(c) (2013), an aggravated misdemeanor. Bobbi eventually pled guilty to simple assault, a simple misdemeanor, in violation of section 708.2(6). Bobbi did not file a direct appeal.

On May 15, 2015, Bobbi filed an application for postconviction relief (PCR) raising two ineffective-assistance-of-counsel claims. The State moved for summary judgment. Bobbi resisted, but the district court granted summary judgment in a well-reasoned ruling. Bobbi now appeals.

Our review is de novo. *See State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). To prevail, Bobbi must establish by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Reversal is warranted only where both elements are satisfied. *See State v. Clay*, 824 N.W.2d 488, 501 n.2 (Iowa 2012). On the first prong, we measure counsel's performance "against the standard of a reasonably competent practitioner." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008) (citation omitted). We begin with "a strong presumption trial counsel's conduct fell within the wide range of reasonable professional assistance." *State v. Graves*, 668 N.W.2d 860, 881

---

[1] The step-father declined to press charges regarding the tire damage.

(Iowa 2003). The prejudice prong requires a showing there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *State v. Ambrose*, 861 N.W.2d 550, 557 (Iowa 2015). In this context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002). "A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts." *Id.* "An issue of fact is 'material' only when the dispute involves facts which might affect the outcome of the suit, given the applicable governing law. An issue is 'genuine' if the evidence in the record 'is such that a reasonable jury could return a verdict for the non-moving party.'" *Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015) (citations omitted). The evidence must be viewed in the light most favorable to the non-moving party. *Davis v. State*, 520 N.W.2d 319, 321 (Iowa Ct. App. 1994). However, the non-moving party "generally cannot rest upon his pleadings when the moving party has supported his motion." *Behr v. Meredith Corp.*, 414 N.W.2d 339, 341 (Iowa 1987). The non-moving party "must set forth specific facts" in support of her defense. *Bitner v. Ottumwa Cmty. Sch. Dist.*, 549 N.W.2d 295, 300 (Iowa 1996).

Bobbi's first ineffective-assistance claim is that her counsel failed to investigate her case properly—namely, that counsel failed to interview Brea. "Counsel is required to conduct a reasonable investigation or make reasonable decisions that make a particular investigation unnecessary." *Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001). The duty to investigate is not unlimited, however, and may be curtailed—for example, "if the defendant has given counsel a reason to believe the investigation would be fruitless or unwarranted," or "the facts are already known to counsel through another source." *Id.* "In each instance, the decision to investigate a particular matter must be judged in relationship to the particular underlying circumstances." *Id.*

Here, on March 5, 2015, almost two years after the events giving rise to the criminal charges, Brea wrote a voluntary witness statement in support of Bobbi's PCR claim in which Brea states Bobbi never threatened to harm her. In an affidavit Brea signed on October 15, 2015, she states for the first time Bobbi's trial counsel never contacted her; if counsel had, Brea claims, counsel would have learned Bobbi never threatened her.

This claim fails. Counsel had no duty to investigate Brea's position because the fact that an assault occurred was well established by the hand-written statement Brea provided to the reporting officers at the time of the incident. In that statement, Brea wrote Bobbi "freaked out over her phone [and] started yelling, screaming [and] then had a knife in her hand." Brea also wrote Bobbi "stated she would hurt [her]" while holding a knife. These statements were corroborated by the reporting officers. Brea also requested a no-contact order

against Bobbi.[2]  The record establishes this information was known to Bobbi's trial counsel.  There is no evidence of Brea's change in position until her written, unverified statement in March 2015 and October 2015 affidavit.  Counsel's decision not to investigate the possibility of Brea's change in position was a reasonable one and not a breach of an essential duty.[3]  *Odem v. State*, 483 N.W.2d 17, 20 (Iowa Ct. App. 1992) (finding no breach from "refraining from conducting an investigation which might have done nothing but confirm the State's evidence").

Further, "there is no requirement that a petitioner be allowed a [PCR] hearing on allegations which directly contradict the record, unless a minimum threshold of credibility is met."  *Foster v. State*, 395 N.W.2d 637, 638 (Iowa 1986).  "Bare allegations do not overcome the presumption that the record truly reflects the facts."  *Id.*  Brea's recantation is merely a bare allegation that does not rise to the minimum threshold of credibility in light of her hand-written statement, given at the time of the events, that an assault occurred.  Summary dismissal of this claim was appropriate.

Bobbi's second claim is that her trial counsel failed to inform her of the elements of either the offense with which she was charged or the offense to which she eventually pleaded guilty.  Because this case involves a simple misdemeanor, there is no recorded plea colloquy or written guilty plea for us to

---

[2] The no-contact order was dismissed as part of the plea agreement.

[3] The State submitted an affidavit from Bobbi's trial counsel in support of its motion for summary judgment that counsel did, in fact, speak with Brea while Bobbi's charges were pending and that Brea told counsel that the assault occurred.  However, we are deciding this appeal on the legal basis that Bobbi's trial counsel was not ineffective because there was legally no necessity to speak with Brea due to Brea's hand-written statement regarding the assault, and are not addressing the factual dispute generated by trial counsel's affidavit since that is not permitted in deciding a motion for summary judgment.

review. *See Hadjis v. Iowa Dist. Ct.*, 275 N.W.2d 763, 766 (Iowa 1979) ("An examination of [the simple misdemeanor] rules leads to the conclusion that they are intended to facilitate disposition of criminal charges with as much speed and as little cost as can be accomplished consistent with a fair trial."); *Cordova v. State*, No. 10-1458, 2013 WL 988898, at *2–3 (Iowa Ct. App. Mar. 13, 2013).

The evidence available to us, however, satisfies us Bobbi understood the elements of the charges leveled against her. The sentencing court found her plea was "voluntarily and intelligently made," which requires "an understanding of the law in relation to the facts." *State v. Finney*, 834 N.W.2d 46, 61 (Iowa 2013). The names of the relevant offenses—domestic abuse assault and simple assault—are "sufficiently descriptive" to enable comprehension in most cases. *See State v. Yarborough*, 536 N.W.2d 493, 496–97 (Iowa 1995) (discussing "aggravated assault"); *State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981) (discussing "willful injury"); *State v. Galbreath*, No. 13-1340, 2014 WL 3931555, at *3 (Iowa Ct. App. Aug. 13, 2014) (stating case involving charge of domestic abuse assault "falls into the category of crimes where the name given to the offense by the legislature is sufficiently descriptive to enlighten the accused as to the nature of the charge"). The accused's experience and education are also relevant considerations. *Victor*, 310 N.W.2d at 204. At the time of the incident, Bobbi was thirty-two years old. She had twice previously been convicted of serious assault. *See State v. Sutton*, 853 N.W.2d 284, 294 (Iowa Ct. App. 2014) (considering prior convictions for same crime in assessing defendant's understanding of charge). On this record, we cannot find Bobbi would not have

understood the elements of the charges against her or to which she pleaded guilty. Summary judgment was appropriate.[4]

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**

---

[4] Bobbi's trial counsel stated in her affidavit that she did advise Bobbi of the nature of the charges against her, the nature of the charges Bobbi pled guilty to, and that Bobbi understood the nature of each of those charges. Again, we are not basing this opinion on this affidavit or the factual issue it would generate.