# IN THE COURT OF APPEALS OF IOWA

No. 20-1224
Filed November 2, 2022

**MAYUAL M. ANYUON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.


Applicant appeals the district court's grant of summary disposition to the State on his application for postconviction relief. **REVERSED AND REMANDED.**


Martha J. Lucey, State Appellate Defender, and Mary K. Conroy and Stephan J. Japuntich (until withdrawal), Assistant Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.


Considered by Bower, C.J., Vaitheswaran, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**CARR, Senior Judge.**

Mayual Anyuon appeals the district court's grant of summary disposition to the State on his application for postconviction relief (PCR). Anyuon claims he received ineffective assistance because defense counsel did not adequately explain the immigration consequences of his guilty plea. We determine there is a genuine issue of material fact on this issue and conclude summary disposition was inappropriate. We reverse the decision of the district court and remand for further proceedings.

## I.      Background Facts & Proceedings

On August 1, 2016, Anyuon was charged with possession of marijuana, second offense, in violation of Iowa Code section 124.401(5) (2016). An order continuing the pretrial conference states, "Defendant has Immigration Issues. Need to Consult with Imm. Atty." Anyuon was personally served with a copy of the order.

On October 10, Anyuon signed a written guilty plea to possession of marijuana, second offense. The written guilty plea states in bold, "I understand that if I am not a citizen of the United States that a criminal conviction or deferred judgment may result in Deportation and affect re-entry into the United States or have other adverse immigration consequences under federal immigration laws."

The court accepted Anyuon's guilty plea. He was sentenced to fourteen days in jail, with credit for ten days served. Anyuon did not appeal his conviction.

On March 13, 2019, Anyuon filed a PCR application. The application alleged defense counsel never adequately explained the immigration consequences of the guilty plea. He stated he was "not advis[ed] about the

slightest possibility of removal from the U.S." He also asserted that if he had been informed about possible removal, he would not have pled guilty. Anyuon signed the application and declared the facts within his personal knowledge were true and correct. While the PCR case was pending, Anyuon was removed from the United States and his whereabouts became unknown.[1]

The State filed a motion for summary disposition. In support of the motion, the State submitted a copy of the public defender's intake form for Anyuon that states Anyuon was born in South Sudan and was a permanent resident of the United States. The State also submitted a copy of Anyuon's arraignment, which contains defense counsel's handwritten notes:

> 1. I will mail you a copy of the Immigration consequences of crime & checklist.
> 2. Pay for your evaluation! You have been ordered to have it by [pretrial conference].
> 3. Contact immigration counsel about consequences of this case.

A copy of a document titled "Immigration Consequences of Crimes Summary Checklist," and an envelope addressed to Anyuon was also submitted.

The State provided a copy of a form signed by Anyuon, which states:

> I, Mayual Anyuon understand that a foreign national arrested or detained in the United States has the right to contact and access his/her local consulate official, pursuant to Article 36 of the Vienna Convention on Consular Relations.
> My attorney has also advised me that a criminal conviction may have adverse immigration consequences such as deportation,

---

[1] The State filed a motion to dismiss, asserting the case could not continue without the participation of Anyuon. The court denied the motion to dismiss, finding it premature at that time. The court granted Anyuon's counsel's request to appoint a private investigator to attempt to locate Anyuon. On June 6, 2020, PCR counsel gave notice that she received correspondence from Anyuon stating he wanted to proceed with the PCR action.

and that if I want advice on this issue I should consult an immigration attorney.

This copy has handwritten notes stating Anyuon was from South Sudan. There is an address listed in Washington, D.C. and a telephone number.[2] Also, "Nikki M. address & phone $200."[3] A different copy of the same form was signed by Anyuon. A handwritten note on the document states, "[Defendant] advises he is NOT a US citizen—[Defendant] is here as permanent resident [Defendant] has spoken to immigration atty—[Defendant] wishes to enter a plea."

Also, the State submitted an email from one member of the public defender's office to another member of the public defender's office, dated October 10, 2016, stating, "[Anyuon] thought you and he went through an Immigration Form but I also covered i[t] with him and had him sign off as I was doing the plea and couldn't verify if he had actually met with you long enough to have one in the file." Additionally, the State submitted a copy of the written guilty plea that contains a handwritten note, stating, "[Defendant] advises he is not a citizen but is a permanent resident + spoke to immigration cnsl."

The State submitted a deposition of one of Anyuon's defense counsel. She stated that she discussed Anyuon's immigration status with him. She stated that on the written guilty plea, "I have noted the defendant advised me he is not a citizen, but he is a permanent resident. And I spoke to—and he has spoken to immigration counsel, which is not me, obviously, but whatever immigration counsel

---

[2] In a deposition, defense counsel speculated this could be the address and telephone number for the South Sudanese consulate.
[3] Defense counsel stated this referred to Nikki Mordini, a local immigration attorney.

he had at the time." Defense counsel stated that she talked with Anyuon about the fact that a guilty plea could have deportation consequences. She additionally stated that she went over the form with Anyuon advising him he had the right to consult with an immigration attorney. Defense counsel stated that she subsequently learned another member of the public defender's office went over the same form with Anyuon. She stated that Anyuon was adamant about pleading guilty.

PCR counsel resisted the motion for summary disposition. Anyuon claimed there was a genuine issue of material fact concerning whether he was adequately advised of the immigration consequences of a guilty plea. He stated that if he knew he might be deported, he would not have pled guilty.

On September 15, 2020, the court entered an order granting the motion for summary disposition. The court found Anyuon's assertions that he was not advised of the immigration consequences of his guilty plea were "inconsistent with the undisputed facts contained within this summary judgment record." The court found that before Anyuon pled guilty, he was advised the immigration consequences could include deportation, as the written guilty plea stated, "a criminal conviction or deferred judgment may result in Deportation." The court concluded Anyuon did not generate any evidence to support his claim of ineffective assistance of counsel. Anyuon appeals the district court's decision.

## II.     Standard of Review

"We apply our summary judgment standards to summary disposition of postconviction-relief applications." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). Summary disposition may be granted when "there is no genuine issue as

to any material fact and . . . the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 1.981(3). The summary disposition of a PCR application is ordinarily reviewed for the correction of errors at law, but when a PCR claim alleges a constitutional violation, such as a claim of ineffective assistance of counsel, our review is de novo. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

In order to establish a claim of ineffective assistance of counsel, an applicant must show counsel failed to perform an essential duty and the failure resulted in prejudice to the applicant. *Sauser v. State*, 928 N.W.2d 816, 818 (Iowa 2019). "We presume counsel performed competently, 'and the claimant must successfully rebut this presumption by establishing by a preponderance of the evidence that counsel failed to perform an essential duty.'" *State v. Boothby*, 951 N.W.2d 859, 863 (Iowa 2020) (citation omitted). In guilty plea proceedings, for the prejudice component, the applicant must show that but for counsel's breach of duty, he or she would not have pled guilty. *Ennenga v. State*, 812 N.W.2d 696, 708 (Iowa 2012).

### III.    Discussion

Anyuon claims the district court should not have granted the State's motion for summary disposition because there was a genuine issue of material fact as to whether he had been advised of all of the immigration consequences of his guilty plea. He points out that defense counsel testified Anyuon told her he consulted with an immigration attorney but defense counsel did not confer with this attorney prior to Anyuon's guilty plea. Anyuon asserts he was never advised of the difficulties he could face if he tried to re-enter the United States, or any other immigration consequences beyond deportation. He claims he was prejudiced by

counsel's performance because he would not have pled guilty if he knew the total immigration consequences of his plea.

Iowa Rule of Civil Procedure 1.981(5) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered.

The State supported its motion for summary disposition with exhibits and the deposition of one of the attorneys representing Anyuon when he pled guilty. Anyuon did not present any affidavits or additional exhibits to support his claims. The issue then is whether Anyuon's sworn statements in the PCR application are sufficient to create a factual dispute on the issue of whether he was informed of the immigration consequences of his guilty plea. The district court concluded Anyuon did not generate any evidence to support his claim of ineffective assistance of counsel and determined summary disposition was appropriate.

The Iowa Supreme Court previously stated, "there is no requirement that a petitioner be allowed a hearing on allegations which directly contradict the record, unless a minimum threshold of credibility is met. Bare allegations do not overcome the presumption that the record truly reflects the facts." *Foster v. State*, 395 N.W.2d 637, 638 (Iowa 1986). The court found, however, that this principle did not apply when allegations in a PCR proceeding "involve matters which are entirely outside the record." *Id.*; *accord Arnold v. State*, 540 N.W.2d 243, 246 (Iowa 1995) ("[O]rdinarily allegations of ineffective assistance of counsel that involve facts

outside the record will require an evidentiary hearing."). In these circumstances, summary disposition was not appropriate. *Foster*, 395 N.W.2d at 638.

The Iowa Supreme Court has also stated:

> Finally, we have recognized that when claims of ineffective assistance of counsel are properly raised in a [PCR] application, "an evidentiary hearing on the merits is ordinarily required." "Such a hearing affords the parties an opportunity to adversarily develop all of the relevant circumstances attending counsel's performance, including those circumstances and considerations which may be pertinent but are not a part of the criminal record." [The applicant's] claims, even if the district court deems them improbable, require that he be allowed to present whatever proof he may have to support those claims.

*Manning v. State*, 654 N.W.2d 555, 562 (Iowa 2002) (citations omitted); *accord Venteicher v. State*, No. 09-0825, 2011 WL 443940, at *2 (Iowa Ct. App. Feb. 9, 2011).

In *Jackson v. State*, the applicant claimed summary disposition of his PCR application was improper because there were genuine issues of material fact concerning whether he received ineffective assistance of counsel. No. 10-1407, 2011 WL 3688994, at *1 (Iowa Ct. App. Aug. 24, 2011). Jackson claimed his guilty plea was not voluntary because he had been drinking alcohol before the proceeding. *Id.* at *4. "In resisting summary disposition, Jackson failed to point to any facts that support the allegations set forth in his PCR application." *Id.* Despite this, the Iowa Court of Appeals determined summary disposition was not appropriate because Jackson's claims arose from matters outside the record. *Id.* The court reversed the summary disposition of Jackson's application and remanded for further proceedings. *Id.*

Anyuon's PCR application alleged defense counsel never adequately explained the immigration consequences of the guilty plea. He affirmatively stated he was "not advis[ed] about the slightest possibility of removal from the U.S." Anyuon also asserted he would not have pled guilty if he had been informed about possible removal. The PCR application was signed and verified by Anyuon. Additionally, Anyuon's assertions in this case rely in part on matters outside the record. The record does not clearly show whether Anyuon consulted with an immigration attorney. Furthermore, if he did consult with an immigration attorney, it is not clear what information he received. We acknowledge the evidence placed in the record with the State's motion. Our task when confronted with a motion for summary disposition, and that of the trial court below, is to determine if material facts are in dispute, not to weigh them. Here, there are genuine issues of material fact in dispute concerning whether Anyuon was adequately advised of the immigration consequences of his guilty plea.[4]

We reverse the district court's grant of summary disposition to the State and remand for further proceedings.

**REVERSED AND REMANDED.**

---

[4] In *Diaz v. State*, the Iowa Supreme Court determined defense counsel should inform a client "of all adverse immigration consequences that competent counsel would uncover." 896 N.W.2d 723, 732 (Iowa 2017). This includes, "potential adverse consequences from the criminal proceedings, including removal, exclusion, bars to relief from removal, immigration detention, denial of citizenship, and adverse consequences to the client's immediate family." *Id.* (citation omitted). Anyuon pled guilty before *Diaz* was decided. Under prior law, defense counsel "ha[d] a responsibility to advise noncitizen defendants whether a conviction for the crime that is the subject of the guilty plea agreement is also a crime that renders a noncitizen deportable." *Id.* at 729 (citing *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010)).