STATE of Wisconsin, Plaintiff-Respondent,

v.

Jessie L. REDMOND, Defendant-Appellant. †

Court of Appeals

*No. 94–1544–CR. Submitted on briefs May 8, 1996.—Decided June 12, 1996.*

(Also reported in 552 N.W.2d 115.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of Jessie L. Redmond, pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Diane M. Nicks*, assistant attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

SNYDER, J.   Jessie L. Redmond appeals from the denial of his pro se postconviction motion. In the underlying case, Redmond was convicted of two counts of second-degree sexual assault and one count of delivery of a controlled substance. Following that conviction and with the assistance of counsel, Redmond filed a timely notice of intent to pursue postconviction relief. After the trial court denied Redmond's postconviction motion, counsel for Redmond filed a notice of appeal.

Two appeals are currently pending from that filing. Appeal No. 94-0741-CR was taken from the judgment of conviction and an initial order denying a postconviction motion. In January 1995, we remanded this matter to the trial court for additional postconviction proceedings on a claim of ineffective assistance of

trial counsel. Appeal No. 95-0830-CR is Redmond's appeal from the trial court order rejecting that claim. These two appeals were consolidated. *See* RULE 809.10(3), STATS. Our disposition of the instant case (appeal No. 94-1544-CR) has no bearing on the disposition of the consolidated appeals.

Eight days after Redmond's counsel filed the notice of appeal, Redmond, acting pro se, filed a document with the trial court that he termed a "Motion to Supplement Postconviction Motion."[1] This motion was dismissed by the trial court without addressing the merits, on the grounds that the trial court lacked jurisdiction. The trial court concluded that § 974.06(4), STATS., precludes successive postconviction motions raising claims that could have been raised on direct appeal, unless the defendant can show a sufficient reason for the failure to bring the claim in the previous postconviction procedure. It is from this order denying relief that Redmond now appeals pro se.

We do not reach the merits of Redmond's motion to supplement. We conclude that the trial court's dismissal was proper as it no longer had competence to hear further postconviction motions during the pendency of an appeal. *See Mueller v. Brunn*, 105 Wis. 2d 171, 177, 313 N.W.2d 790, 793 (1982). However, we reach this conclusion on two bases not considered by the trial court. We conclude that the rules of appellate procedure require that a defendant choose whether to proceed with the assistance of counsel or proceed pro

---

[1] The record in this appeal did not include this document. It was erroneously filed with the record in one of Redmond's consolidated appeals, appeal No. 94-0741-CR. Because the record from that appeal has been filed with this court, we take judicial notice of the misfiled document. *See* § 902.01(2)(b), STATS.

se. If a defendant elects to be represented by counsel, that precludes simultaneous pro se activity.

As a separate basis to affirm, we conclude that the filing of a postconviction motion brought under § 974.06, STATS. (postconviction procedure after the time limits of § 974.02, STATS., have expired) is not permitted until the conclusion of all proceedings related to the filing of a § 974.02 postconviction motion and any subsequent appeal. We therefore affirm the trial court's dismissal of Redmond's pro se postconviction motion.

## *Standard of Review*

Both trial court and appellate court jurisdiction are regulated by statute. *State v. Neutz*, 73 Wis. 2d 520, 523, 243 N.W.2d 506, 508 (1976). This case involves interpreting the statutes regarding postconviction and appellate procedures. Statutory interpretation is a question of law which this court reviews de novo. *Rhonda R.D. v. Franklin R.D.*, 191 Wis. 2d 680, 703, 530 N.W.2d 34, 43 (Ct. App. 1995).

## *Section 974.02, Stats., Postconviction Relief*

We begin with a description of the proper procedure to be followed by a defendant who seeks postconviction relief and subsequently appeals the denial of the requested relief. We note at the outset that with the assistance of counsel, Redmond has complied with this procedure in consolidated appeal Nos. 94-0741-CR and 95-0830-CR.

The initial means of seeking postconviction relief in a criminal case is outlined in § 974.02, STATS., and is through the timely filing of a motion for postconviction relief. The applicable statute provides in relevant part:

**Appeals and postconviction relief in criminal cases. (1)** A motion for postconviction relief other than under s. 974.06 by the defendant in a criminal case shall be made in the time and manner provided in ss. 809.30 and 809.40. An appeal by the defendant in a criminal case from a judgment of conviction or from an order denying a postconviction motion or from both shall be taken in the time and manner provided in ss. 808.04(3), 809.30 and 809.40.

Section 974.02(1). If the trial court denies the motion, the defendant may then file a notice of appeal.[2] This was the procedure followed by Redmond's counsel in appeal Nos. 94-0741-CR and 95-0830-CR.

If a defendant files a postconviction motion pursuant to § 974.02, STATS., that procedure is governed by §§ 809.30 and 809.40, STATS.[3] Section 809.30 provides in pertinent part:

(2) APPEAL OR POSTCONVICTION MOTION BY DEFENDANT. (a) A defendant seeking postconviction relief in a felony case shall comply with this section . . . .

. . . .

(b) Within 20 days of the date of sentencing, the defendant shall file . . . a notice of intent to pursue postconviction relief. The notice shall include the following:

. . . .

---

[2] In limited circumstances a defendant may proceed to appeal directly without first filing a motion for postconviction relief in the trial court. *See* § 974.02(2), STATS.

[3] Section 809.40, STATS., governs the procedure for appeals from misdemeanor cases or a ch. 48, 51 or 55, STATS., case, none of which are applicable here.

> 5. Whether the defendant requests the state public defender to appoint counsel for purposes of postconviction relief.
>
> 6. *Whether a defendant who does not request the state public defender to appoint counsel will represent himself or herself* **or** *will be represented by retained counsel. [Emphasis added.]*

The procedure for appeals requires that a defendant make an election to proceed with a state public defender, retain counsel or undertake the appeal pro se. In Redmond's case, he elected to proceed with the assistance of counsel.

Subsequent to that decision, Redmond has attempted to advance "supplemental" issues for consideration by filing a pro se motion for postconviction relief with the trial court *after* appellate counsel filed a notice of appeal. However, the statute plainly contemplates a defendant proceeding either with counsel or pro se. There is no allowance in the statute for hybrid representation.[4]

The supreme court recognized the shortcomings of hybrid representation when it held:

---

[4] We note that in *State v. Debra A.E.*, 188 Wis. 2d 111, 523 N.W.2d 727 (1994), the supreme court concluded that a defendant does not have a constitutional right to hybrid representation on appeal or review by the supreme court. *Id.* at 138, 523 N.W.2d at 737. The court then went on to state that although a defendant represented by counsel does not have a constitutional right to file a pro se brief on appeal when counsel has filed a brief, a court is not precluded from exercising its discretion to accept and consider such a brief. *Id.* This holding is not determinative of the issue in the instant case where Redmond seeks to raise "supplemental" issues pro se in the trial court during the pendency of an appeal in which he is represented by counsel.

19

Rejecting a constitutional right to hybrid representation promotes orderly postconviction relief proceedings for several reasons. First, the focus of an appeal is primarily on the law. A defendant is not likely to have the same understanding of the law as an attorney does. Second, the arguments raised in a pro se brief may contradict and undermine the issues advanced in counsel's brief. Third, the consideration of every argument that a defendant chooses to raise, in addition to those an attorney submits, could strain judicial resources. Finally, a defendant represented by counsel has alternative means of advancing issues a court should consider. The defendant may terminate appellate counsel's representation and proceed pro se, or the defendant may allow postconviction relief to continue based on counsel's brief and then seek relief on the grounds of ineffective assistance of appellate counsel.

*State v. Debra A.E.,* 188 Wis. 2d 111, 138, 523 N.W.2d 727, 737 (1994).

■

The Rules of Professional Conduct for attorneys provide further support for this position. Supreme Court Rule 20:1.2 requires that "[a] lawyer shall abide by a client's decisions concerning the objectives of representation . . . and shall consult with the client as to the means by which they are to be pursued." While an attorney is not required to raise every nonfrivolous issue suggested by a client, *Jones v. Barnes*, 463 U.S. 745, 754 (1983), implicit in the Rules of Professional Conduct is a requirement to involve a client in any matter relating to his or her representation. By engaging the client, an attorney may forestall a client's perceived need to pursue "overlooked" issues through pro se representation.

As outlined by the supreme court, if Redmond is dissatisfied with his appellate counsel, he is not without a remedy. He can dismiss his appointed counsel and proceed pro se.[5] Furthermore, if he wants to assert additional grounds for relief that have not been addressed through the original postconviction motion, he can petition this court to remand to the trial court for consideration of those specific issues. *See* § 808.075(5), STATS. That has already been done in Redmond's case and further postconviction motions have been heard.

We conclude that Redmond is statutorily barred from proceeding pro se during the pendency of an appeal in which he is represented by counsel. At the outset, a defendant must make a choice of whether to proceed with counsel or pro se, and while a defendant may later discharge appointed counsel, at no time may a defendant pursue both avenues simultaneously.

### Jurisdiction

The other basis for the denial of Redmond's pro se motion is also procedural. Redmond's initial postconviction motions were brought pursuant to § 974.02, STATS., and the subsequent appeal was brought under § 809.30, STATS. Accordingly, the appeal was governed

---

[5] In fact, at one point Redmond stated in correspondence to his attorney that he wished to discharge him. This related to the attorney's representation of Redmond in the consolidated appeals. The attorney then filed a motion for directions with this court. We informed Redmond that if he discharged the public defender assigned to his case and was unable to retain the services of private counsel, he would be required to pursue his appeal pro se. Redmond decided not to pursue the appeal pro se and declined to dismiss his appointed counsel.

by § 808.075, STATS., which delineates permitted court actions pending appeal. Subsection (2) provides:

> In a case appealed under s. 809.30, the circuit court retains the power to act on all issues until the notice of appeal has been filed with the clerk of the trial court. Thereafter, the circuit court may act only as provided in subs. (1) and (4).

Although the list of permitted trial court actions is extensive, it does not include the ability to hear further postconviction motions, whether presented through counsel or pro se. Subsections (5) and (6) of this same statute are instructive. They provide:

> **(5)** Notwithstanding the limitations of this section, any party may petition the appellate court for remand to the circuit court for action upon specific issues.
> **(6)** In addition to sub. (5), the appellate court may remand the record to the circuit court for additional proceedings while the appeal is pending.

The statute provides for remand to the trial court on a party's motion or for the court of appeals to remand on its own motion. Subsections (5) and (6) address the only procedure applicable if further proceedings in the trial court are required.[6] This statute does not allow for the hearing of further postconviction motions in the trial court once a notice of appeal has been filed.

In response, Redmond argues that "the trial court had discretionary jurisdiction to hear [his] Pro-Se motion." He suggests that because the time limits for a § 974.02, STATS., motion had expired and because the

---

[6] We note that this did occur in this case in appeal No. 94-0741-CR, which this court remanded for additional trial court proceedings on the issue of ineffective assistance of counsel.

trial court correctly characterized his pro se motion as one brought under § 974.06, STATS., it was governed by the procedures of § 974.06 and not by the procedures outlined in § 808.075, STATS. While Redmond correctly characterizes the trial court's determination that his "Motion to Supplement Postconviction Motion" was brought pursuant to § 974.06 and that his motion "was proceeding under the standards and procedures of Sec. 974.06, Stats.," this does not negate the trial court's dismissal of the motion.

[4]

Section 974.06, STATS., states in pertinent part:

> **(1)** *After the time for appeal or postconviction remedy provided in s. 974.02 has expired,* a prisoner in custody . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. [Emphasis added.]

At the time that Redmond was petitioning the trial court with his pro se § 974.06, STATS., motion, he had a pending appeal in the same case. Since that appeal had not been resolved, we conclude that the *time for appeal had not expired.* Redmond has to allow the initial appeal to reach its logical conclusion before any postconviction proceedings can be initiated under § 974.06.[7]

Furthermore, this conclusion is in accordance with the line of cases which have construed the purpose of § 974.06, STATS. In *State v. Robinson,* 177 Wis. 2d 46, 501 N.W.2d 831 (Ct. App. 1993), we noted that the purpose behind the statute is to compel a prisoner to raise all questions available in one motion. *Id.* at 52,

---

[7] The logical conclusion of an appeal would extend to a petition to review and any decision by the supreme court.

501 N.W.2d at 834. This statute does not create an unlimited right to file successive motions for relief. *Id.* And as the supreme court noted, "Successive motions and appeals, which all could have been brought at the same time, run counter to the design and purpose of [§ 974.06]." *State v. Escalona-Naranjo,* 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994).

In sum, we conclude that once a defendant elects to be represented by counsel in attempts to secure post-conviction relief, he or she is statutorily barred from simultaneously proceeding pro se during the pendency of the appeal. Additionally, we conclude that the plain language of § 974.06, STATS., precludes a defendant from bringing a motion for postconviction relief under that statutory section before the conclusion of any proceedings related to a § 974.02, STATS., motion.

*By the Court.*—Order affirmed.