**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 17, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2018AP1408**

Cir. Ct. No.  **2012PA816PJ**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT IV**

IN RE THE AWARD OF GUARDIAN AD LITEM FEES IN:
DANIELLE ANN MARGARET ROWLAND,

   PETITIONER-RESPONDENT,

 V.

MARK D. LARSEN,

   RESPONDENT-APPELLANT.

APPEAL from a judgment of the circuit court for Dane County: RICHARD G. NIESS, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Mark D. Larsen, pro se, appeals a circuit court judgment for payment of guardian ad litem (GAL) fees. Larsen contends that the court erred by refusing to address Larsen's objection to the GAL's proposed order for fees. For the reasons set forth below, we disagree. We affirm.

¶2 In June 2017, Lisa Friedrich was appointed GAL for the minor child in this paternity action. The circuit court ordered the parties to the paternity action to pay the GAL fees, with Larsen responsible for 75% of the fees and the child's mother responsible for 25% of the fees. It further ordered Larsen to pay a $1,500 retainer to Friedrich by July 21, 2017. At an August 2, 2017 status conference, Friedrich informed the court that she had not received the retainer or had any contact from Larsen. In May 2018, Friedrich requested a hearing to address her unpaid fees.

¶3 On June 6, 2018, the circuit court held a hearing on the issue of the unpaid GAL fees. Friedrich informed the court that the fees had not been paid, and that Larsen had not made a payment or contacted her since February 2018. Larsen testified that he had made payments to Friedrich. He also testified that he contacted Friedrich to set up a payment plan, but that Friedrich rejected his proposals. He testified that he had been unable to make payments since February because he had been laid off and only able to find part-time work. He testified that he was again working full-time, and that he would be able to pay $500 per month toward GAL fees going forward. He stated that Friedrich had told him that he needed to pay her an additional $3,500 retainer for a trial on placement, and that he did not believe there was a court order for the additional retainer. Larsen objected to the 75% apportionment of fees to him during the period of time that he had not been working full-time. Friedrich stated that the remaining GAL fees that Larsen was obligated to pay her totaled over $4,000.

2

¶4 The circuit court found that Larsen was shirking as to the GAL fees. The court noted that Friedrich was one of the GALs recommended by Larsen's counsel and that all of the parties were aware of her fee. It also stated that the fees charged were not surprising given the complexity and conflict in this case. The court found that the allocation of the GAL fees between the parties was appropriate given the parties' respective incomes. It stated that it would award a judgment of $4,000 to Friedrich and order Larsen to pay $500 per month toward the judgment.

¶5 Larsen filed a pro se objection to Friedrich's proposed GAL fees, arguing that the amount was in excess of the amount stated at the June 6, 2018 hearing, that the fees are duplicated in the billing, that Larsen was charged fees when the child's mother was not, and that Friedrich had increased her charges as retaliation for Larsen accusing her of lying in connection with a placement order. At a June 18, 2018 status conference, the circuit court stated that it would not consider pro se motions from represented parties, and Larsen's counsel confirmed that he was not participating in an objection to the GAL fees. Counsel also noted that the parties had reached a stipulation as to placement, and that he intended to withdraw as counsel once that was approved. The court stated that it would enter the pro se motion objecting to the GAL fees but not hear the motion while Larsen was represented by counsel. Following the hearing, Friedrich submitted a letter to the court requesting that the court order Larsen to itemize any objection he had to Friedrich's fees before the court would schedule a hearing on the objection, citing Dane County Court Rule 409.4.

¶6 On June 19, 2018, the circuit court awarded a judgment to Friedrich against Larsen in the amount of $4,513.96, plus interest accrued since the June 6,

2018 hearing at the statutory rate. The court also ordered Larsen to pay $500 per month until the judgment is paid in full. Larsen appeals.

¶7 Larsen contends that the circuit court erred by failing to address Larsen's objection to the proposed order for GAL fees. He requests that this court reverse the judgment for GAL fees and remand to the circuit court for examination of Friedrich's billing practices. Friedrich responds that Larsen forfeited his objection to the GAL fees by not properly raising it in the circuit court. Friedrich points out that Larsen was still represented by counsel when Larsen filed a pro se objection to the fees, and argues that Larsen never complied with Dane County Court rules for objecting to GAL fees. In reply, Larsen argues that the court erred by failing to consider all of the circumstances affecting his ability to pay; that the court penalized him for his inability to pay by adopting Friedrich's proposed placement order; that he did not receive fair notice that the June 6, 2018 hearing would be an evidentiary hearing on his inability to pay; and that if he had proper notice he would have presented evidence of his inability to pay the GAL fees at the hearing.

¶8 We conclude that Larsen failed to properly raise an objection to the GAL fees in the circuit court. Larsen cites only his June 15, 2018 pro se objection as the point at which he objected to the fees in the circuit court. However, the court stated at the June 18, 2018 status conference that the court would not consider that objection because Larsen was then represented by counsel. Larsen's counsel confirmed that he continued to represent Larsen at that point and that counsel was not pursuing an objection to the GAL fees. Accordingly, the court properly declined to consider the pro se objection at that time. *See **State v. Redmond***, 203 Wis. 2d 13, 19-20, 552 N.W.2d 115 (Ct. App. 1996) (a defendant may proceed with counsel or pro se, but is not entitled to hybrid representation).

Larsen does not cite anything in the record showing that he ever properly pursued a pro se objection to GAL fees. Thus, the issue was not properly preserved for appeal and we will not address it. *See State v. Van Camp*, 213 Wis. 2d 131, 144, 569 N.W.2d 577 (1997) (arguments raised for the first time on appeal are generally deemed forfeited).

¶9     We also decline to reach the arguments that Larsen raises for the first time in his reply brief. *See State v. Chu*, 2002 WI App 98, ¶42 n.5, 253 Wis. 2d 666, 643 N.W.2d 878 (court will generally not address issues raised by an appellant for the first time in a reply brief).

¶10     We note as well that Larsen fails to develop coherent arguments that apply relevant legal authority to the facts of record, and instead relies largely upon conclusory assertions. This court need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped. *See Dieck v. Unified Sch. Dist. of Antigo*, 157 Wis. 2d 134, 148 n.9, 458 N.W.2d 565 (Ct. App. 1990) (unsupported factual assertions); *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (undeveloped legal arguments). While we make some allowances for the failings of parties who, as here, are not represented by counsel, "[w]e cannot serve as both advocate and judge," Pettit, 171 Wis. 2d at 647, and will not scour the record to develop viable, fact-supported legal theories on the appellant's behalf. *State v. Jackson*, 229 Wis. 2d 328, 337, 600 N.W.2d 39 (Ct. App. 1999). Here, Larsen has failed to develop his arguments legally or to support them factually. Therefore, we affirm the circuit court on this basis as well.

¶11     Finally, Friedrich requests that this court sanction Larsen for violating the rules of appellate procedure as to briefing. Friedrich argues that

Larsen cites material not included in the record, and Friedrich points out that this court cannot consider material outside the record. *See **South Carolina Equip., Inc. v. Sheedy***, 120 Wis. 2d 119, 125-26, 353 N.W.2d 63 (Ct. App. 1984) (an appellate court may review only matters of record in the circuit court, and cannot consider material outside that record). Friedrich also cites ***State v. Bons***, 2007 WI App 124, ¶¶20-25, 301 Wis. 2d 227, 731 N.W.2d 367, to support her request that we sanction Larsen for falsely certifying that the minimally required material was included in the appendix. We decline to impose sanctions against Larsen for failing to strictly comply with the rules of appellate procedure.

¶12　As Friedrich points out, we do not consider material outside the record, and we have not considered any factual assertions by Larsen that are not supported by the record. In ***Bons***, we sanctioned an *attorney* for falsely certifying that the minimally required material was included in the appendix. ***Id.*** This court generally makes some allowances for appellants who, like Larsen, proceed pro se, and we do so here. We caution Larsen, however, that any briefs he files in the future must comply with the minimum requirements under WIS. STAT. RULE 809.19 (2017-18),[1] or he may be subject to sanction.

¶13　In sum, we affirm the circuit court judgment. We decline to impose sanctions against the pro se appellant for violating the rules of appellate procedure in briefing.

　　　　*By the Court.*—Judgment affirmed.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

6

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.