# COURT OF APPEALS
## DECISION
## DATED AND FILED

## May 11, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.   2019AP2206-CR**
**2019AP2207-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos.  2015CM2635
2014CM2943

## IN COURT OF APPEALS
## DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

WAR NAKULA-REGINALD MARION,

DEFENDANT-APPELLANT.

APPEALS from an order of the circuit court for Milwaukee County: FREDERICK C. ROSA, Judge. *Affirmed*.

¶1     BRASH, P.J.[1]  War Nakula-Reginald Marion, *pro se*, appeals an order of the circuit court denying his "Motion Requesting Time Served With

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Concurrent Sentence."[2] In that motion, Marion asserted that the Department of Corrections (DOC) improperly extended his release date after his extended supervision on an earlier felony case was revoked as a result of the charges in the cases underlying this appeal. The circuit court determined that Marion's claims were against the DOC, and thus not properly before the court.

¶2     We agree. We further conclude that other arguments presented by Marion in his motion are procedurally barred, and even if they were not barred, they would fail on the merits. Therefore, we affirm.

## BACKGROUND

¶3     The charges in the cases underlying this appeal stem from an altercation in July 2014 between Marion and H.L.M. and J.S.M. Marion was charged with misdemeanor battery, criminal trespass to a dwelling, and disorderly conduct, all with a domestic abuse enhancer.[3] Subsequently, in July 2015, Marion was also charged with misdemeanor intimidation of a witness with domestic abuse assessments for a letter he wrote to H.L.M. instructing her to tell the court that she was not going to appear "so they can dismiss the case."

¶4     Additionally, at the time Marion was arrested for the incident in July 2014, he was on extended supervision for a felony case from 2001. His supervision was revoked as a result of the new charges.

---

[2] The Honorable Frederick C. Rosa entered the order on this motion, and we refer to him as the circuit court. The Honorable Rebecca Dallet presided over Marion's trial and imposed sentence; additionally, several other judges were involved in various pretrial and postconviction proceedings. We refer to all of them generally as the trial court.

[3] Marion was initially charged with another count of misdemeanor battery, but that charge was dismissed prior to trial.

2

¶5 A jury trial was held in October 2015. Marion represented himself at trial, with appointed standby counsel. The jury convicted Marion of all counts.

¶6 Marion was sentenced later in October 2015, where he was represented by the attorney who had been his appointed standby counsel during the trial. The trial court sentenced Marion to the maximum penalty for each count with the sentences to run consecutively, based on the nature of the charges, which the court deemed to be "really serious"; the fact that Marion's being on extended supervision at the time he committed these crimes had not deterred him from committing them; the court's belief that he failed to "understand that he did all this stuff"; and because the court deemed him to be "a danger to the community and especially to his family." The trial court also granted Marion a sentence credit of 252 days for his sentence relating to the misdemeanor battery charge.

¶7 Shortly after sentencing, counsel for Marion—the same attorney who had acted as standby counsel and represented Marion at sentencing—filed a Notice of Intent to Pursue Postconviction Relief on Marion's behalf. In that notice, it stated "[t]he defendant requests that the State Public Defender appoint counsel for purposes of post[]conviction relief." Nevertheless, a few days after that notice was filed, Marion filed a *pro se* motion appealing the verdict, in which he also requested the transcripts from the trial. The trial court advised Marion that pursuant to the Notice of Intent, his request for appointed appellate counsel was pending, and the transcripts and other relevant court documents would be sent to counsel once appointed. A CCAP entry[4] for December 23, 2015, indicates that the

---

[4] We may take judicial notice of information entered by court staff into CCAP (Wisconsin's Consolidated Court Automation Programs). *See* WIS. STAT. § 902.01; *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

court file was forwarded to Attorney Heather L. Johnson, who had been appointed as appellate counsel for Marion by the State Public Defender.

¶8     Marion sent another *pro se* request to the trial court in March 2016, this time requesting additional sentence credit, for his sentences to be modified from running consecutive to concurrently, and for approval of visitation with H.L.M. and J.S.M.[5]  The trial court advised Marion that he was represented by appointed appellate counsel and therefore was required "to address any and all issues in these cases to counsel" because when a defendant is represented, the court "will not consider a *pro se* request for postconviction relief," citing ***Moore v. State***, 83 Wis. 2d 285, 265 N.W.2d 540 (1978) and ***State v. Redmond***, 203 Wis. 2d 13, 552 N.W.2d 115 (Ct. App. 1996).

¶9     In May 2016, the DOC sent a letter to the trial court requesting review of the sentence credit granted to Marion at sentencing.  The DOC stated that the 252 days of credit appeared to be duplicative, because Marion had already been granted credit for that time in custody when his extended supervision was revoked.  The trial court agreed, and ordered that the sentence credit granted at Marion's sentencing be vacated.

¶10     Marion filed a *pro se* motion to reconsider the vacation of the sentence credit, which was denied.  With that motion, Marion also again requested that his sentences be modified from running consecutively to concurrently, requested that the DNA surcharge imposed at sentencing be vacated, and challenged the revocation of his extended supervision.  The trial court again

---

[5] The trial court did not impose a no-contact order for H.L.M. and J.S.M. at sentencing.

4

refused to modify his sentence. Furthermore, it noted that the DNA surcharge was pursuant to a statutory mandate and could not be vacated, and explained that it did not have jurisdiction over the revocation of his extended supervision.

¶11 Marion then filed the *pro se* "Motion Requesting Time Served With Concurrent Sentences" that underlies this appeal in October 2019. Although difficult to discern his arguments in that motion, Marion appears to argue that the DOC improperly extended the discharge date on his revocation sentence, ostensibly when it requested that the trial court review and vacate the sentence credit granted at sentencing because it was duplicative. He further asserted that he had completely served the sentences imposed in the underlying cases at the time he filed his motion, regardless of whether they were consecutive or concurrent. The circuit court denied the motion, interpreting it as raising claims against the DOC that were "not properly before this court," and instructed Marion to direct his claims to the DOC or in a petition for writ of habeas corpus.[6]

¶12 In the meantime, appointed appellate counsel for Marion requested several extensions for filing a postconviction motion or notice of appeal after an extensive delay in obtaining the court transcripts. Ultimately, appellate counsel filed a no-merit report; Marion filed a seventy-nine page response. *See State v. Marion*, Nos. 2017AP2013-CRNM and 2017AP2014-CRNM, 2, unpublished slip

---

[6] The circuit court further noted that Marion had previously filed a petition for writ of habeas corpus with the circuit court, but that it had been dismissed without prejudice because the petition was not verified. This court affirmed that dismissal. *See State ex rel. Marion v. Kemper*, No. 2018AP977, unpublished slip op. and order (WI App Oct. 2, 2019).

op. and order (WI App June 30, 2020).[7] This court accepted the no-merit report, affirmed Marion's convictions, and discharged appellate counsel from any further obligation to represent Marion in this appeal. *Id.* at 6. Additionally, we noted that although appellate counsel had not addressed all of the "myriad of issues" that Marion raised in his response, we had reviewed and considered them, and "concluded that they lack[ed] sufficient merit or importance to warrant individual attention." *Id.*[8]

## DISCUSSION

¶13 In these cases, Marion has patently demonstrated a tendency for serial litigation. Indeed, he has filed numerous *pro se* motions and requests—with the courts below as well as with this court—since his sentencing in October 2015, even though he requested that appellate counsel be appointed to represent him during postconviction or appellate proceedings.

¶14 This court has previously determined that "the rules of appellate procedure require that a defendant choose whether to proceed with the assistance of counsel or proceed *pro se*. If a defendant elects to be represented by counsel, that precludes simultaneous *pro se* activity." *See Redmond*, 203 Wis. 2d at 16-17;

---

[7] This court placed the no-merit appeal on hold while a decision in *State v. Trammell*, 2019 WI 59, 387 Wis. 2d 156, 928 N.W.2d 564, was pending with the Wisconsin Supreme Court. *See State v. Marion*, Nos. 2017AP2013-CRNM and 2017AP2014-CRNM, 4 n.4, unpublished slip op. and order (WI App June 30, 2020).

[8] We also noted "in passing" that Marion had asserted ineffective assistance of his appellate counsel in his response to the no-merit report, but reiterated that we had found no potential issues for appeal in the record. *Marion*, Nos. 2017AP2013-CRNM and 2017AP2014-CRNM, at 6. Additionally, Marion had filed a *pro se* request for a *Machner* hearing, *see State v. Machner*, 92 Wis. 2d 797 (Ct. App. 1979), with the trial court in September 2017, because he disagreed with appellate counsel's decision to file the no-merit report in his appeal. That claim was rejected by the trial court.

*see also Moore*, 83 Wis. 2d at 299-300 ("The great weight of judicial authority is to the effect that a defendant has no constitutional right to proceed to trial with counsel and to simultaneously actively conduct his own defense," a rule which serves to promote the "important" right—of both the defendant and society—to a "fair, orderly trial"). Thus, all of Marion's *pro se* motions and requests that he has filed since being sentenced—including the one underlying this appeal—were precluded under this rule.

¶15    Furthermore, Marion's current motion generally raises the same or substantially similar claims relating to his sentences as those he has previously raised in his other *pro se* motions. Procedurally, a defendant is precluded from raising any claim in a WIS. STAT. § 974.06 motion—a postconviction motion that may be brought by a defendant after the time for appeal is expired—if that claim could have been brought on direct appeal.[9] *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 173, 517 N.W.2d 157 (1994). Marion's direct appeal of these cases was by way of a no-merit appeal, which entailed a full review by this court of the records in these cases, as required by *Anders v. California*, 386 U.S. 738 (1967). This review included consideration of whether there was "arguable merit to a sentencing challenge." *See Marion*, Nos. 2017AP2013-CRNM and 2017AP2014-CRNM, at 3-4. The no-merit review of these cases revealed no arguable merit to any issues that could be raised on appeal. *See Marion*, Nos. 2017AP2013-CRNM and 2017AP2014-CRNM, at 2.

---

[9] Although Marion did not reference WIS. STAT. § 974.06 in his current motion, in reviewing motions filed by *pro se* defendants "we look to the facts pleaded, not to the label given the papers filed, to determine whether the party should be granted relief." *See Amek bin-Rilla v. Israel*, 113 Wis. 2d 514, 521, 335 N.W.2d 384 (1983).

¶16    "[A] prior no[-]merit appeal may trigger the procedural bar of *Escalona-Naranjo* and … § 974.06(4)[.]"  *State v. Tillman*, 2005 WI App 71, ¶21, 281 Wis. 2d 157, 696 N.W.2d 574.  This procedural bar may be imposed as long as the no-merit decision "carries a sufficient degree of confidence warranting the application of the procedural bar under the particular facts and circumstances of the case." *Id.*, ¶20.

¶17    Specifically, our supreme court has ruled that:

> [S]o long as the court of appeals follows the no-merit procedure required in *Anders*, a defendant is barred (absent a sufficient reason) from raising issues in a future WIS. STAT. § 974.06 motion, whether or not he raised them in a response to a no-merit report, because the court will have performed an examination of the record and determined that any issues noted or any issues that are apparent, to be without arguable merit.

*State v. Allen*, 2010 WI 89, ¶61, 328 Wis. 2d 1, 786 N.W.2d 124.  We are satisfied that the no-merit procedures were followed in Marion's previous appeal of these cases.  Therefore, the issues he currently raises with regard to his sentences as imposed by the trial court are procedurally barred.  *See Tillman*, 281 Wis. 2d 157, ¶20.

¶18    Moreover, any argument raised by Marion regarding the length of his sentence as it relates to the vacation of the sentence credit granted at sentencing is without merit.  As previously explained by the trial court, the sentence credit granted at sentencing was duplicative, because it had already been applied to Marion's revocation term.  "[T]ime in custody is to be credited to the sentence first imposed," *see State v. Boettcher*, 144 Wis. 2d 86, 87, 423 N.W.2d 533 (1988), which, in this case, was his revocation term.  Dual sentence credit "is

not permitted[.]" *Id.* Therefore, the trial court properly vacated the sentence credit granted at sentencing.

¶19 To the extent that Marion's claims relate to the administration of his sentence, we agree with the circuit court that such claims must be raised with the DOC, or by a petition for writ of habeas corpus which meets all of the statutory requirements as set forth in WIS. STAT. § 782.04.[10]

¶20 For these reasons, we affirm the order of the circuit court denying Marion's motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[10] We make no determination as to whether a properly executed petition for writ of habeas corpus filed by Marion would be successful; however, we note the provisions of WIS. STAT. § 974.06(8) regarding such actions, as well as the constraints on such actions as described in *State v. Pozo*, 2002 WI App 279, ¶9, 258 Wis. 2d 796, 654 N.W.2d 12 (in postconviction situations, a petition for writ of habeas corpus will not be granted where "the petitioner asserts a claim that he or she could have raised during a prior appeal, but failed to do so, and offers no valid reason to excuse such failure," or in cases where "the petitioner asserts a claim that was previously litigated in a prior appeal or motion after verdict").