# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 13, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.    2022AP1803**
**2022AP1804**
**STATE OF WISCONSIN**

Cir. Ct. Nos.  2020CM2222
2020CF2667

## IN COURT OF APPEALS
## DISTRICT IV

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

WILLIAM J. BUFFO,

   DEFENDANT-APPELLANT.


APPEAL from an order of the circuit court for Dane County:  CHRIS TAYLOR, Judge.  *Affirmed*.

¶1    GRAHAM, J.[1]   William J. Buffo III[2] appeals the circuit court's denial of his second and third postconviction motions in two cases that were heard together in the circuit court and consolidated on appeal.[3]   In those motions, Buffo alleged that he is entitled to withdraw his guilty pleas, and that the cases against him should be reopened and all charges against him dismissed with prejudice.  I affirm the order denying Buffo's postconviction motions because the motions did not allege facts that, if true, would entitle him to relief, and also because the record conclusively shows that he is not entitled to relief.[4]

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version.

[2] In his appellate briefing, Buffo represents that his legal name is William J. Buffo III, and he asks this court to use that name in this appeal.  I will not direct the clerk of this court to amend the caption that was used in the circuit court cases without a motion and notice to all parties, but I will refer to Buffo using the name that he prefers in the body of this opinion.

[3] Buffo's notices of appeal, filed October 24, 2022, assert that Buffo is appealing the judgments of conviction in his two underlying criminal cases.  Buffo's notices are not timely to appeal the judgments of conviction, which were entered on August 30, 2021.  *See* WIS. STAT. RULE 809.30 (providing the deadlines to initiate a WIS. STAT. § 974.02 postconviction motion or a notice of appeal).  Nor were the notices timely to appeal the circuit court order denying Buffo's first postconviction motion, which was issued on March 3, 2022.  However, Buffo's appellate briefing challenges the circuit court order entered September 30, 2022, which denied his second and third postconviction motions, and his notices are timely to appeal that order.  Therefore, my discussion here is limited to the issues set forth in Buffo's second and third postconviction motions and in the circuit court's September 30, 2022 order.

I also note that Buffo has additional pending appeals that pertain to the same underlying cases and have not been consolidated with these appeals.  Specifically, appeal Nos. 2023AP303-CR and 2023AP304-CR pertain to an order that the circuit court issued on February 8, 2023, and appeal Nos. 2023AP1007-CRNM and 2023AP1008-CRNM pertain to an order sentencing Buffo after his probation was revoked.  This opinion does not directly address these separate appeals.

[4] The State has not filed a respondent's brief addressing the arguments in Buffo's appellate briefing.  Although this failure could be deemed a concession, and although Buffo asks me to summarily reverse the circuit court order on that basis, I exercise my discretion to decide this appeal without the assistance of the missing brief.  Summary reversal is not appropriate relief in an appeal like this, in which the relevant law and facts are straightforward and the circuit court's decision is evidently correct.

**BACKGROUND**

¶2    In August 2021, Buffo pled guilty to four misdemeanor counts in two Dane County cases:  two counts of knowingly violating a domestic abuse injunction order and one count of sending a computer message with intent to threaten or harm in case No. 2020CF2222; and one count of criminal damage to property in case No. 2020CM2667.  The circuit court adjudicated him guilty on all four counts.  At sentencing, the court withheld sentence and ordered Buffo to serve a total of three years of probation with an opportunity for early termination after two years if Buffo fulfilled the court-ordered conditions of probation.  Consistent with the joint sentencing recommendation, the court specified that Buffo would be permitted to serve his probation sentences in Florida so that he could live with and care for his aging parents, and the court required Buffo to notify his probation agent if he planned to return to Wisconsin.

¶3    Buffo then filed a postconviction motion, which I refer to as his first postconviction motion, on December 22, 2021, and January 3, 2022.[5]  In that motion, Buffo argued that the charges against him had been "fraudulent" and should have been dismissed long before he entered his pleas, and he sought dismissal of the charges based on the standards set forth in WIS. STAT. § 806.07(1).  He also asked

---

[5] Admittedly, it is difficult to assign numbers to Buffo's postconviction motions, as he has filed a series of pro se motions (some of which were later withdrawn, amended, or refiled) starting in September 2021.  In this opinion, I do not count the "Motion for Withdrawal of Defendant's Judgment of Conviction" that was filed on September 7, 2021, and withdrawn on September 24, 2021.  I consider Buffo's first postconviction motion to be the "Motion to Modify/Remove Conditions of Probation, Dismiss the Case with Prejudice" that he filed on December 22, 2021, and amended January 3, 2022; his second postconviction motion to be the "Motion to Withdraw a Plea" that he filed on May 11, 2022; and his third postconviction motion to be the "Motion to Reopen and Dismiss" that he also filed on May 11, 2022.

the court to modify the conditions of his probation pursuant to WIS. STAT. § 973.09(3)(a).

¶4     The circuit court issued a written order denying Buffo's first postconviction motion on March 3, 2022. The court explained that WIS. STAT. § 806.07(1) is not applicable to criminal convictions, and it denied Buffo's motion on that basis. The court also found no cause to modify Buffo's conditions of probation. Buffo did not appeal the order denying his first postconviction motion.

¶5     On May 11, 2022, Buffo filed the two postconviction motions that are the subject of this appeal. One, which I refer to as his second postconviction motion, asked the circuit court to allow him to withdraw his pleas. The other, which I refer to as his third postconviction motion, asked the court to reopen his criminal cases and dismiss the charges based on a speedy trial demand and a motion to dismiss that Buffo had attempted to file on his own behalf at a time when he was represented by counsel. The court denied Buffo's second and third postconviction motions in a written order, and Buffo timely appeals that order.

## DISCUSSION

¶6     As discussed below, the circuit court provided a thorough analysis of the claims set forth in Buffo's second and third postconviction motions, as well as its reasons for denying those motions without holding a hearing. Yet, it arguably would have been within the court's discretion to deny Buffo's postconviction motions for a procedural reason, without undertaking a substantive analysis of Buffo's claims.

¶7     Under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994), a criminal defendant is barred from raising new claims that could have been

4

raised in a prior postconviction motion unless the defendant shows a "sufficient reason" for failing to raise those claims in the prior motion. *Id.*; *see also State v. Romero-Georgana*, 2014 WI 83, ¶35, 360 Wis. 2d 522, 849 N.W.2d 668. Here, following his conviction, Buffo filed his first postconviction motion, the circuit court denied the motion, and Buffo did not appeal that decision. Buffo did not discuss *Escalona-Naranjo* in his second or third postconviction motions, nor did he provide any reason, sufficient or otherwise, why he could not have included the arguments he now makes in his first postconviction motion.

¶8      Rather than applying the procedural bar, the circuit court addressed the merits of Buffo's claims, determining that Buffo failed to show that he was entitled to a hearing. A circuit court appropriately denies a postconviction motion without an evidentiary hearing if the motion does not allege facts that, if true, would entitle the defendant to the requested relief, or if the record conclusively shows that the defendant is not entitled to the requested relief. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. Here, the court's analysis of Buffo's claims under this standard is thorough and persuasive, and Buffo's appellate briefing does not identify any error in the court's analysis of either motion.

### The Plea Withdraw Motion

¶9      In his second postconviction motion, which sought to withdraw his guilty pleas, Buffo made various arguments that the circuit court considered and rejected. The court analyzed Buffo's arguments based on the standards set forth in *State v. James*, 176 Wis. 2d 230, 236-37, 500 N.W.2d 345 (Ct. App. 1993) (setting forth the "manifest injustice" standard that applies to post-sentencing motions for plea withdrawal); *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986) (addressing the requirement that a circuit court conduct a plea colloquy to ensure

5

that a plea is knowingly, intelligently, and voluntarily made); *State v. Howell*, 2007 WI 75, 301 Wis. 2d 350, 734 N.W.2d 48 (discussing the requirement that, during a plea colloquy, the circuit court ascertain whether there is a factual basis for a plea); *Nelson v. State*, 54 Wis. 2d 489, 195 N.W.2d 629 (1972) and *State v. Bentley*, 201 Wis. 2d 303, 548 N.W.2d 50 (1996) (setting forth the standards for addressing a claim that, despite an adequate plea colloquy, a defendant's plea was not knowing, intelligent, or voluntary, based on some reason that is extrinsic to the colloquy); and *Strickland v. Washington*, 466 U.S. 668 (1984) (addressing claims of ineffective assistance of counsel, including with respect to a defendant's entry of a guilty plea).

¶10 Buffo argued that he should be permitted to withdraw his plea because "nothing was properly conducted during the plea hearing … either verbally or [in] … the written legal documents." *See Bangert*, 131 Wis. 2d 246. Among other things, he asserted that the plea agreement was not a "joint agreement" and that he did not sign the form plea questionnaires. In its written decision, the circuit court rejected these allegations as "contrary to the plea and sentencing hearing transcript." As the court explained, during that hearing, Buffo "repeatedly indicated" "that he understood the plea agreement, the joint sentencing recommendations, and the few issues that were in dispute," about which the parties would present arguments during sentencing. Further, Buffo confirmed that he reviewed the plea questionnaires with his attorney, that his attorney completed the plea questionnaires with information that Buffo provided, and that Buffo signed the documents. Ultimately, the court concluded that "[t]here was nothing improper about [counsel] filling out the questionnaire[s] with information that Mr. Buffo provided," and that the court's "extensive personal dialogue" with Buffo demonstrated that he "understood the specific charges against him," "the potential penalties [the court] could impose for th[o]se charges," and the "constitutional rights he waived."

6

¶11     Buffo's motion also asserted that he should be permitted to withdraw his plea because he "never verbally pled guilty to … any of the counts." This assertion is contradicted by the transcript of the plea hearing, which shows that Buffo entered an oral guilty plea to every one of the charges for which he was convicted. Buffo's argument instead appears to be based on his refusal to answer certain follow-up questions that the circuit court posed regarding Buffo's criminal culpability, which pertained to the court's ascertainment of whether there was a factual basis for the pleas. *See Howell*, 301 Wis. 2d 350, ¶¶56-67; WIS. STAT. § 971.08(1)(b).

¶12     In rejecting this argument, the circuit court explained that, after Buffo "refused to answer [the court's] question[s] while continuing to insist he wanted to plead guilty, [the court] instead asked him whether he engaged in certain conduct that constituted the criminal offenses, to which he responded affirmatively." It further explained that Buffo's counsel agreed that the court could rely on the allegations in the criminal complaints to conclude that there was a factual basis for Buffo's pleas, and it concluded that the inquiry satisfied WIS. STAT. § 971.08(1)(b).

¶13     Buffo's motion also asserted that he had been "threatened and forced" to enter his pleas and that he "never entered a plea of his own free will." The circuit court rejected this argument, observing that it had "specifically asked" Buffo during the plea hearing "whether anyone made any threats or promises to him, besides what was being represented as a joint sentencing recommendation, to compel him to give up his constitutional rights and enter his plea[s]," and Buffo responded in the negative. The court further determined that the "various motivating factors" identified in Buffo's postconviction motion, "including his desire to move on with his life, to get his GPS bracelet removed, and to relocate to Florida to care for his ailing parents" may have "inspired him to plead guilty," but those factors do not

7

amount to coercion. *See* **Craker v. State**, 66 Wis. 2d 222, 229, 223 N.W.2d 872 (1974). Ultimately, the court had been satisfied that Buffo "was entering his pleas knowingly, intelligently and voluntarily," and nothing in Buffo's postconviction motion caused the court to question that determination.

¶14    Finally, Buffo argued that his trial counsel had been ineffective for not giving Buffo a copy of counsel's emails with the prosecutor about the plea agreement until after the plea hearing, and for not advising Buffo that the State's settlement offer was "guaranteed" for one week. The circuit court determined that Buffo alleged no prejudice resulting from the fact that he did not receive a copy of this correspondence prior to the hearing. The only aspect of the plea agreement that Buffo alleged he did not know about prior to the plea hearing was the "one week duration of the State's settlement offer," and Buffo did not explain how any failure to inform Buffo of the duration of the settlement offer constituted "ineffective assistance of counsel which should allow him to withdraw his plea."

¶15    On appeal, Buffo repeats many of the same assertions that he made in his second postconviction motion, but he does not meaningfully engage with the circuit court's analysis, much less explain why it was wrong. Based on my independent review, I agree with the circuit court. The record conclusively shows that the court conducted a proper plea colloquy, which satisfied the requirements of **Bangert** and **Howell**; Buffo does not allege any facts that, if true, would allow him to withdraw his plea under **Nelson** and **Bentley** based on facts extrinsic to the plea colloquy; nor does he allege any facts that, if true, would satisfy the **Strickland** standard for ineffective assistance of counsel.

**The Motion to Reopen and Dismiss**

¶16    In his third postconviction motion, which asked the circuit court to reopen the criminal cases and dismiss the charges, Buffo alleged that, on May 7, 2021, several months before the plea hearing, he attempted to file a pro se speedy trial demand and a pro se motion to dismiss the charges, but the court directed that the documents be returned to his attorney unfiled.[6]  Buffo argued that, because the court failed to rule on his pro se motion to dismiss and failed to honor his pro se speedy trial demand, the case should now be reopened and all charges against him dismissed with prejudice.

¶17    In its written order denying Buffo's third postconviction motion, the circuit court construed the motion to allege that Buffo's trial counsel provided ineffective assistance of counsel by failing to file the dismissal motion, and by failing to demand a speedy trial.

---

[6]  More specifically, the pro se documents were stamped "received" and "filed" on May 7, 2021, but the "filed" stamp had been crossed out, and there was a handwritten note indicating that on May 11, 2021, the circuit court declined the filing and directed that the documents be returned to Buffo's attorney.  In a June 2, 2022 letter to Buffo, the court represented that it did not accept the pro se documents Buffo attempted to file because Buffo was represented by counsel at that time.  This explanation is consistent with Wisconsin law—a defendant who elects to be represented by counsel does not have a right to simultaneously represent themselves during a court proceeding, and it is within a court's discretion to disregard pro se filings by a represented defendant.  *See Moore v. State*, 83 Wis. 2d 285, 301, 265 N.W.2d 540 (1978); *see also* **State v. Redmond**, 203 Wis. 2d 13, 17, 552 N.W.2d 115 (Ct. App. 1996) ("If a defendant elects to be represented by counsel, that precludes simultaneous pro se activity.").

In his appellate filings, Buffo asserts that the circuit court's "non-legal justification" for rejecting his May 7, 2021 pro se filings is "completely disproven" by the fact that the clerk accepted for filing a different batch of documents that Buffo filed on his own behalf on April 7, 2021, and another batch of documents that Buffo filed on his own behalf on May 28, 2021.  However, as explained, the court's explanation for rejecting Buffo's May 7, 2021 filings is consistent with Wisconsin law, and that conclusion is not undermined by the fact that the clerk's office did not reject other documents that Buffo filed on his own behalf when he was also represented by counsel.

¶18   As for trial counsel's failure to file the motion to dismiss that Buffo wanted counsel to file, the circuit court determined that Buffo failed to plausibly allege that the motion would have been granted had counsel filed it.  The court indicated that its review of the criminal complaints "reveal[ed] that they were sufficient to justify continuing proceedings," "that a motion to dismiss would not have been successful," and that "[c]ounsel is not deficient for failing to file a meritless motion."  I have also reviewed the pro se motion to dismiss that Buffo wanted counsel to file, and I agree with the circuit court's assessment that the motion would have been denied.  On appeal, Buffo labels the court's conclusion "erroneous" and asserts that dismissal would have been "inevitable" had the court considered the motion to dismiss, but he does not develop this argument by identifying any specific error that the court made.

¶19   Turning to Buffo's claim regarding his speedy trial demand, the circuit court construed Buffo's postconviction motion to allege that trial counsel had been ineffective for not insisting on going to trial in Buffo's cases.  The court reasoned that counsel made an oral speedy trial demand on August 5, 2021, and that Buffo voluntarily decided to enter a plea several weeks later, despite understanding that he had the right to insist upon a trial.

¶20   In his appellate briefing, Buffo devotes significant attention to an argument that, based on my review, he did not squarely develop in any motion that he filed with the circuit court.  As best as I understand it, the premise of this argument is that, had the court accepted the pro se speedy trial demand Buffo attempted to file on May 7, 2021, or had trial counsel filed a speedy trial demand on Buffo's behalf by that date, the State would have been compelled to try his cases no later than the first week of August.  Buffo contends that, had the State been compelled to try his cases on that timeline, the court would have dismissed the

charges or he would have been acquitted at trial, and he would not have been subjected to the "forced plea hearing" that took place in the final week of August 2021.

¶21    Generally speaking, an appellate court will not consider arguments like this one that were not presented to the circuit court. *Schill v. Wisconsin Rapids Sch. Dist.*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177 (explaining that issues not raised in the circuit court are forfeited, and appellate courts generally do not address forfeited issues). But even if I were to overlook Buffo's failure to squarely develop this argument in his postconviction motion, I would conclude that it fails for at least two reasons.

¶22    First, Buffo's argument is contradicted by the record. More specifically, the transcript of an August 5, 2021 bond condition hearing shows that, during that hearing, Buffo's trial counsel made an oral speedy trial demand that was acknowledged by the circuit court, and counsel also asked the court to schedule a date for a plea hearing. The court offered to set aside August 26, 2021, for either a plea hearing or, if the parties were unable to resolve the cases through a plea agreement, for a jury trial of the criminal charges. Moments later, counsel informed the court that Buffo wished to withdraw his speedy trial demand. Therefore, the court scheduled the late August date for a plea hearing only. Based on this sequence of events, the record does not support Buffo's assertion that he was forced to enter a plea in the last week of August 2021 because the court refused to require the State to bring his cases to trial.

¶23    Second, Buffo's theory that the charges against him would have been dismissed or that he would have been acquitted at trial is entirely speculative and unsupported. As discussed above, the circuit court determined that the motion to

11

dismiss that Buffo wanted to file would have been denied, and Buffo raises no persuasive argument to the contrary. Even assuming that the State would not have been prepared to bring the case to trial in the first week of August 2021, the remedy for a statutory speedy trial violation is a release from custody, not the dismissal of criminal charges altogether. WIS. STAT. § 971.10(4). Finally, the materials that Buffo provided in support of his postconviction motion, while voluminous, fail to show that he would have been acquitted in any trial, whether it occurred in the first week of August 2021 or at any later date. In sum, a review of the record undermines Buffo's assertion that, had the speedy trial demand been made on May 7, 2021, the charges would have been dismissed in some manner and Buffo would have avoided convictions in these cases.[7]

¶24    Before concluding, I pause to comment on the numerous allegations in Buffo's appellate briefing concerning allegedly fraudulent conduct on the part of the circuit court judge, the court reporter, various courthouse employees, the prosecutor, his several trial attorneys, unspecified FBI agents and attorneys in the U.S. Attorney's office, and also (in passing) the judges on this court. As an appellate court, we routinely consider claims of circuit court error, and, in the appropriate circumstance, we also consider claims of misconduct by circuit court judges, court employees, defense attorneys, and prosecutors. When misconduct is credibly alleged and supported, we have a duty to address it, and we do not shirk that duty.

---

[7] To the extent that this opinion does not specifically address any other argument that Buffo makes in his appellate briefing, those arguments are rejected. Some of the arguments raised in Buffo's briefing address issues that are beyond the scope of the issues properly raised in his appeal of the circuit court's denial of his second and third postconviction motions. Other arguments were not presented in the circuit court, *see Schill v. Wisconsin Rapids School District*, 2010 WI 86, ¶45 & n.21, 327 Wis. 2d 572, 786 N.W.2d 177, or are insufficiently developed on appeal to warrant resolution by this court, *see State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (appellate courts need not consider arguments that are unsupported by adequate factual and legal citations or are otherwise undeveloped).

However, we will not countenance baseless and inflammatory assertions by litigants, whether pro se or represented by counsel. Here, the various documents that Buffo has filed in the circuit court and on appeal, while voluminous, do not support his assertions of misconduct against the various actors in these cases, and Buffo does not increase his chances of success on appeal by throwing around such allegations.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.